

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. C. Wilson
County Auditor
Gray County
Pampa, Texas

Dear Sir:

Opinion No. 0-6362
Re: The Commissioners' Court
of Gray County cannot
legally pay bounties for
the destruction of coyotes
in said County.

Your letter of January 6, 1945, requesting the opinion of this Department on the question stated therein, is as follows:

"According to the 1940 census, Gray County has a population of 23,911. We would like to know whether or not a coyote bounty can legally be paid by said county."

Article 192b, Vernon's Annotated Civil Statutes, authorizes the Commissioners' Court of any county within the State or the governing body of any incorporated city or town within the State to appropriate funds for the prosecution of the predatory animal and rodent control work contemplated by the Act and in cooperation with State and Federal authorities to employ labor and to purchase and provide supplies required for the effective prosecution of this work. Section 7 of this Statute (Art. 192b) expressly provides that no bounty is to be collected from any county or other source for animals taken by hunters or trappers operating under the Act. It is apparent that Article 192b has no application to the question under consideration.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Since the repeal of Articles 192 and 192a, Vernon's Annotated Civil Statutes, by the 41st Legislature, there has been no general statute authorizing the payment of a bounty on wolves or coyotes. However, there are now several special statutes authorizing the Commissioners' Courts of said counties to pay bounties for the extermination of wolves, coyotes, pocket gophers and other predatory animals, but none of them apply to Gray County. Stated differently, we have been unable to find any statute authorizing Gray County to pay a bounty on wolves or coyotes and in the absence of such statutory authority, the Commissioners' court of said county cannot legally pay a bounty for the extermination of wolves or coyotes. It is elementary that a Commissioners' Court has only such authority as is given by the Constitution and the Statutes, either expressly or by necessary implication.

We direct your attention to Article 190, V. A. C. S., which specifically authorized the Commissioners' Court of any county to purchase the necessary poisons and accessories required by the citizens of the county for the purpose of destroying wolves, coyotes, gophers and may other named predatory animals. This statute has not been repealed, and is controlling. It was so construed by this office in our Opinion No. O-1242, a copy of which is enclosed for your convenience.

Specifically answering your question, as above stated, the Commissioners' Court of Gray County does not have the legal authority to pay bounties for the extermination of wolves or coyotes in said County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:fo
Enc.